**Thomas R. Rask, III,** OSB No. 934031
trask@kelrun.com
**Susan T. Alterman**, OSB No. 870815
salterman@kelrun.com
**James D. O'Donnell**, OSB No. 171284
jodonnell@kelrun.com
Kell, Alterman & Runstein, L.L.P.
520 SW Yamhill, Suite 600
Portland, OR  97204
Telephone: 503/222-3531
Fax: 503/227-2980
Attorneys for Plaintiff PeaceHealth

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| PEACEHEALTH**,** a Washington non-profit corporation,<br><br>             Plaintiff,<br><br>    v.<br><br>HEALTH NET HEALTH PLAN OF OREGON, INC., an Oregon corporation; and TRILLIUM COMMUNITY HEALTH PLAN, INC., an Oregon corporation,<br><br>             Defendants. | Case No.:  6:19-cv-01648-MK<br><br>**PLAINTIFF PEACEHEALTH'S MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ENTER; MEMORANDUM OF LAW IN SUPPORT THEREOF**<br><br>Pursuant to Fed. R. Civ. P. 65<br><br>Oral Argument Requested |

MOTION FOR TEMPORARY RESTRAINING ORDER

**KELL, ALTERMAN & RUNSTEIN, L.L.P.**
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00914770

## **TABLE OF CONTENTS**

MOTION ............................................................................................................................. 1

MEMORANDUM OF LAW ............................................................................................... 1

    I.    FACTUAL BACKGROUND ................................................................................ 2

    II.    LEGAL STANDARD ........................................................................................... 5

    III.    ARGUMENT ........................................................................................................ 6

        A.    PeaceHealth Is Likely to Succeed on the Merits ............................................. 6

        B.    PeaceHealth Will Suffer Irreparable Harm in the Absence of Preliminary Relief. ...... 8

        C.    The Balance of Equities Tips in Favor of PeaceHealth ................................. 9

        D.    An Injunction Is in the Public Interest .......................................................... 10

    IV.    CONCLUSION .................................................................................................... 11

PAGE i – TABLE OF CONTENTS

**KELL, ALTERMAN & RUNSTEIN, L.L.P.**
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00914770

# TABLE OF AUTHORITIES

**Cases**

*Accord V.E.W., Ltd. v. Karla Hour Co*uture,
 1997 U.S. Dist. LEXIS 22742 (N.D. Ca. Dec. 16, 1997) ............................................. 11

*Alliance for the Wild Rockies v. Cottrell*,
 632 F.3d 1127, 1132 (9th Cir. 2011) ............................................................................ 6

*Brookfield Communs., Inc. v. W. Coast Entm't Corp.*,
 174 F.3d 1036, 1046 (9th Cir. 1999) ............................................................................ 6

*c.f., Perfumania, Inc. v. Perfulandia, Inc.*,
 279 F. Supp. 2d 86, 105 (D.P.R. 2003) ...................................................................... 11

*Green Products Co. v. Independence Corn By-Products Co.*,
 992 F. Supp. 1070, 1076-77 (8th Cir. 1997) .............................................................. 11

*Jordan K. Rand, Ltd. v. Lazoff Bros., Inc.*,
 537 F. Supp. 587, 598 (D.P.R. 1982) ......................................................................... 11

*Morgan Stanley Smith Barney LLC v. Sayler*,
 2019 U.S. Dist. LEXIS 114440, *1 (D. Or. July 10, 2019) .......................................... 6

*M.R. v. Dreyfus*,
 697 F.3d 706, 725 (9th Cir. 2012) ................................................................................ 6

*Northwest Airlines, Inc. v. Bauer*,
 467 F. Supp. 2d 957, 964 (Dist. ND 2006) ................................................................ 11

*Peter Brasseler Holdings, LP v. Gebr. Brasseler GmbH & Co. KG*,
 516 F. Supp. 2d 1317, 1322 (Dist. GA 2007) ............................................................ 11

*Southland Sod Farms v. Stover Seed Co.*,
 108 F.3d 1134, 1139 (9th Cir. 1997) ............................................................................ 8

*Winter v. Natural Res. Def. Council*,
 555 U.S. 7, 22 (2008) ............................................................................................... 6, 7

**Statutes**

Lanham Act, 15 U.S.C. § 1125 ........................................................................................ 6, 7

**Rules**

Fed. R. Civ. P. 65 ............................................................................................................. 1, 6

PAGE ii – TABLE OF AUTHORITIES

**KELL, ALTERMAN & RUNSTEIN, L.L.P.**
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

**MOTION**

Pursuant to Fed. R. Civ. P. 65, Plaintiff PeaceHealth ("**PeaceHealth**") moves this Court for a Temporary Restraining Order and an Order to Show Cause Why Preliminary Injunction Should Not Issue (the "**Motion**"). The form of Proposed Order is attached as Exhibit A to this Motion.

Defendants Health Net Health Plan of Oregon, Inc. ("**Health Net**") and Trillium Community Health Plan, Inc. ("**Trillium**") (collectively, "**Defendants**") have engaged in ongoing and willful misrepresentations and misstatements to insurance brokers and the public about the status of PeaceHealth's participation in Health Net and Trillium Medicare Advantage health insurance plans ("**MA Plans**") for 2020. Although Defendants have known since April 16, 2019 that PeaceHealth would not participate in MA Plans for 2020, Defendants continue to publish misleading statements indicating that PeaceHealth will participate in those MA Plans, which is not true. Defendants' willful misconduct is creating confusion in the marketplace for health insurance, which has significant consequences for the many customers who need insurance plans that include PeaceHealth.

PeaceHealth seeks to enjoin Defendants from making further misrepresentations regarding PeaceHealth's participation in Defendants' 2020 MA Plans. PeaceHealth also seeks an order requiring Defendants to take affirmative action in the form of notices, emails and public statements, to correct their prior misrepresentations, and requiring Defendants to clearly disclose to all persons who enroll in Defendants' 2020 MA Plans that the plans do not include PeaceHealth as an in-network provider. The relief sought is necessary to prevent further damage to PeaceHealth's reputation and goodwill, to protect insurance consumers, and to avoid substantial confusion in the insurance marketplace.

PeaceHealth respectfully submits that this action involves a matter of substantial urgency that warrants the temporary restraining order it requests. The Medicare Open Enrollment period

PAGE 1 – MOTION FOR TEMPORARY RESTRAINING ORDER

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00914770

for the 2020 MA Plans begins on October 15, 2019. While PeaceHealth's reputation and goodwill has already been damaged by Defendants' actions, this damage will increase substantially when consumers begin purchasing Defendants' MA Plans for 2020 under the false impression that PeaceHealth—the largest health care provider in Lane and Clark Counties—will be an in-network provider. The public interest and the interests of innocent consumers who may purchase MA Plans on and after Tuesday, October 15, 2019 (under the false impression that they will have access to PeaceHealth providers) also weighs heavily in favor of temporary injunctive relief. An immediate injunction granting the relief sought is necessary to prevent further damage to PeaceHealth's goodwill and significantly greater confusion in the marketplace.

PeaceHealth will attempt to personally serve the Complaint and the notice of this Motion on Defendants on October 15, 2019, the first day of Open Enrollment.

This Motion is supported by the accompanying Memorandum of Law, the Declarations of Declarations of Kimberly Hodgkinson, Clifford Hendargo, Sandra L. Golden, Salvatore C. Collura, and any argument this Court may permit.

## MEMORANDUM OF LAW

### I.   FACTUAL BACKGROUND

PeaceHealth owns and operates hospitals in the Northwest, including Oregon and Washington. Declaration of Kimberly Hodgkinson ("**Hodgkinson Decl.**"), ¶ 2. PeaceHealth is the largest health care provider in Lane County, Oregon, and Clark County, Washington, and its mission is to promote personal and community health, relieve pain and suffering, and treat each person in a loving and caring way. It is committed to exceptional medicine and compassionate care. *Id.*

Trillium offers MA Plans to eligible individuals in Oregon. *Id.*, ¶ 3. Health Net offers MA Plans to eligible individuals in Oregon and Washington. *Id.*

On June 1, 2004, PeaceHealth and Health Net entered into provider agreements under

PAGE 2 – MOTION FOR TEMPORARY RESTRAINING ORDER

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00914770

which PeaceHealth agreed to provide hospital services to Health Net's MA Plan enrollees ("**Health Net Agreement**"). Under the Health Net Agreement, PeaceHealth was one of Health Net's in-network providers. Hodgkinson Decl., ¶ 4. As an in-network provider, PeaceHealth provided care to Medicare enrollees each year through Health Net MA Plans. *Id.*

On August 1, 2012, PeaceHealth and Trillium entered into a Hospital Services Agreement and Clinic Provider Agreement under which PeaceHealth agreed to provide hospital services to Trillium's MA Plan enrollees at various PeaceHealth hospitals and medical groups ("**Trillium Agreement**"). Under the Trillium Agreement, PeaceHealth was one of Trillium's in-network providers. Hodgkinson Decl., ¶ 5. As an in-network provider, PeaceHealth provided care to Medicare enrollees each year through Trillium MA plans. *Id*.

On April 16, 2019, PeaceHealth notified Defendants by telephone of its intent to exercise its right to terminate the Health Net Agreement and the Trillium Agreements, with the termination effective as of January 1, 2020. Hodgkinson Decl., ¶ 7. By letters to Defendants dated April 16, 2019 (the "**April 16 Letters**"), PeaceHealth confirmed its termination of the respective agreements, effective January 1, 2020. *Id*., ¶ 8; Exhibits C and D to the Hodgkinson Decl. On June 18, 2019, PeaceHealth management met with Defendants' management teams to discuss PeaceHealth's termination notices. Hodgkinson Decl., ¶ 9. PeaceHealth reiterated to Defendants that there would be no renewal or negotiation of the Health Net Agreement or the Trillium Agreements and that PeaceHealth's position on the matter was final. *Id*. On July 24, 2019, PeaceHealth executives spoke with Defendants' executives by telephone to discuss the termination notices. *Id*., ¶ 10 PeaceHealth again reiterated that it had not changed its position: PeaceHealth would not be an in-network provider under the 2020 MA Plans as of January 1, 2020. *Id*.

On September 24, 2019, PeaceHealth learned that Health Net's 2020 Broker Training Manual still appeared to identify PeaceHealth as an in-network provider for Health Net's 2020

PAGE 3 – MOTION FOR TEMPORARY RESTRAINING ORDER

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00914770

MA Plans. Declaration of Clifford Hendargo ("**Hendargo Decl.**"), ¶ 9.  PeaceHealth investigated and learned on October 1, 2019 that Defendants were still representing on their websites that PeaceHealth was an in-network provider under their 2020 MA Plans and that Defendants were continuing to falsely represent to brokers in Lane and Clark counties that PeaceHealth would remain in-network after January 1, 2020. Hendargo Decl., ¶ 11.

On October 1, 2019, PeaceHealth sent Defendants follow-up letters (the "**October 1 Letters**"). Hodgkinson Decl., ¶ 14; Exhibits E and F to Hodgkinson Decl.  The October 1 Letters referenced the April 2019 termination notices and reminded Defendants that, as of January 1, 2020, PeaceHealth would no longer be in-network to patients enrolled in Defendants' MA Plans. *Id*.  The October 1 Letters instructed Defendants to stop representing PeaceHealth as an in-network provider for their 2020 MA Plans.  *Id*., ¶ 15. They directed Defendants to "communicate PeaceHealth's non-contracted status clearly to your members, agents, and brokers."  *Id*. They also told Defendants to clarify any false, inaccurate, or potentially misleading statements or materials provided to their members or brokers and to clearly indicate that PeaceHealth would not be in-network for MA Plans beginning January 1, 2020.  *Id*.

On October 8, 2019, Defendants held a morning meeting in Lane County with about 40 brokers to discuss PeaceHealth's participation in the 2020 MA Plans (the "**Broker Meeting**"). Declaration of Salvatore C. Collura ("**Collura Decl.**"), ¶ 3. Defendants made representations that left a broker with the impression that there was still an opportunity for Defendants to resolve the issue relative to the status of the 2020 MA Plans. *Id*., ¶ 4.  Defendants told the brokers that they would be meeting with PeaceHealth that afternoon to resolve the issue and that Defendants would inform the brokers of the result of the meeting with PeaceHealth. *Id*.

From October 2, 2019 to October 8, 2019, PeaceHealth was contacted by more than 35 brokers with questions about Defendants' representations regarding PeaceHealth's status under the 2020 MA Plans. Hendargo Decl., ¶ 14. The consistent message from the brokers was that

PAGE 4 – MOTION FOR TEMPORARY RESTRAINING ORDER

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00914770

Defendants were not acknowledging that PeaceHealth will not be in-network under the 2020 MA Plans. *Id.* Defendants falsely represented to brokers that Defendants were in discussions with PeaceHealth regarding PeaceHealth's contract status for the 2020 MA Plans. *Id.*

At an afternoon meeting on October 8, 2019 between executives of PeaceHealth and Defendants, PeaceHealth executives <u>again</u> stated unequivocally to Defendants that PeaceHealth would not be an in-network provider under the 2020 MA Plans. *Id.*, ¶¶ 18-19; Hodgkinson Decl., ¶¶ 18-19.

On October 9, 2019, PeaceHealth sent Defendants a final cease and desist letter demanding they stop misrepresenting to brokers and the general public that PeaceHealth would be an in-network provider for the 2020 MA Plans, and take certain affirmative steps to correct their prior misrepresentations ("**Final Demand Letter**"). Hodgkinson Decl., ¶ 20; Exhibit G to Hodgkinson Decl. Defendants have not responded to the Final Demand Letter; they continue to represent on their websites that PeaceHealth is an in-network provider for their 2020 MA plans. *Id.* Because the 2020 Medicare Open Enrollment Period **begins October 15, 2019**, PeaceHealth was compelled to file this lawsuit and Motion before more damage is done to PeaceHealth and the public.

## II.   LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 65(b), a temporary restraining order is appropriate if the movant demonstrates specific facts showing "immediate and irreparable injury, loss, or damage will result to the movant." Courts look to the same factors that apply to requests for preliminary injunctions. *Morgan Stanley Smith Barney LLC v. Sayler*, 2019 U.S. Dist. LEXIS 114440, *1 (D. Or. July 10, 2019). A party seeking a preliminary injunction must show: "(1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) an injunction is in the public interest." *Id.* at *2, citing *Winter v. Natural Res. Def. Council*, 555

PAGE 5 – MOTION FOR TEMPORARY RESTRAINING ORDER

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00914770

U.S. 7, 22 (2008).

This Court also applies the "serious questions" test, under which "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.*, citing *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011). Under this test, "a preliminary injunction may be granted 'if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest.'" *Id.*, quoting *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012). A similar test is applied to trademark claims under the Lanham Act, 15 U.S.C. § 1125. *Brookfield Communs., Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999) ("A plaintiff is entitled to a preliminary injunction in a trademark case when he demonstrates either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in his favor.").

### III.  ARGUMENT

The elements of both the *Winter* test and the "serious questions" test are satisfied here. If they are not enjoined, Defendants will continue making misrepresentations that will result in substantial harm to PeaceHealth and the general public. As a result, this Motion should be granted.

#### A.  PeaceHealth Is Likely to Succeed on the Merits

PeaceHealth's Complaint asserts claims for injunctive relief and for unfair competition/false advertising under the Lanham Act, 15 U.S.C. § 1125. At a bare minimum, there are "serious questions going to the merits" of the claims, but PeaceHealth is also likely to succeed on the merits of both claims. With respect to the claim for injunctive relief, it is difficult to anticipate what Defendants' defense will be because it has made demonstrable

PAGE 6 – MOTION FOR TEMPORARY RESTRAINING ORDER

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00914770

misrepresentations about PeaceHealth that are likely to deceive and injure the public. PeaceHealth repeatedly notified Defendants that it was exercising its right to terminate the applicable provider agreements and would no longer be an in-network provider in 2020. Hodgkinson Decl., ¶¶ 8-10, 12-14, 16, 18, 20; Exhibits 1 to 3 to Hodgkinson Decl. Despite this, Defendants continued to misrepresent to brokers and the public that PeaceHealth will be an in-network provider. Hodgkinson Decl., ¶ 21; Hendargo Decl., ¶ 20; Declaration of Sandra L. Golden, ¶ 11; Collura Decl., ¶¶ 4-5. PeaceHealth's claim is for permanent injunctive relief that will prevent Defendants from intentionally misrepresenting PeaceHealth's status to sell policies to consumers under false pretenses, the fallout of which will injure both PeaceHealth and the public. Because Defendants have no legitimate defense to this claim, PeaceHealth is likely to succeed on the merits.

PeaceHealth is also likely to succeed on the merits of its claim for false advertising under the Lanham Act, 15 U.S.C. § 1125. To prevail on this claim, PeaceHealth must prove: "(1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997). Each of these elements are met here.

First, Defendants have falsely advertised in Health Net and Trillium's broker training manual and on their websites that PeaceHealth will be an in-network provider for 2020 MA plans. Hendargo Decl., ¶¶ 9, 11; Exhibits 1 and 2 to Hendargo Decl. Second, the statements have actually deceived brokers, over 35 of whom have contacted PeaceHealth with questions

PAGE 7 – MOTION FOR TEMPORARY RESTRAINING ORDER

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00914770

about these representations, and also have a tendency to deceive consumers, who should be able to reasonably believe that insurers are honest about the coverage offered by the plans they sell. *Id*., ¶¶ 14, 20.  Third, the deception is material because whether or not a particular hospital or provider is in-network is likely to influence a consumer's insurance purchasing decision.  Fourth, Defendants caused the false statements to enter interstate commerce by including them in their broker training manuals and websites, even though they knew the statements to be untrue.  Fifth, PeaceHealth has been injured by the false statements through damage to its goodwill and these injuries will increase substantially if consumers begin purchasing Health Net and Trillium policies based on this false information.  Because each of the five elements is met, PeaceHealth is likely to succeed on the merits of its Lanham Act claim.

Because PeaceHealth is likely to succeed on the merits of both its claims, this element is met.

### B.  PeaceHealth Will Suffer Irreparable Harm in the Absence of Preliminary Relief.

An injunction is necessary to prevent irreparable harm to PeaceHealth.  Consumers will begin purchasing MA policies when open enrollment begins on October 15, 2019.  An injunction is necessary to ensure that consumers do not purchase Health Net and Trillium policies under the false impression that PeaceHealth will be an in-network provider.  If an injunction is not issued and people do purchase policies with this mistaken belief, PeaceHealth will have to deal with the fallout.

Policyholders will come to PeaceHealth in 2020 expecting the care they receive to be from an in-network provider.  PeaceHealth will be forced to turn non-emergency patients away and inform them that they are not actually covered under their Health Net and Trillium policies. Emergency patients (who PeaceHealth is legally required to treat) will receive treatment, but receive bills reflecting the fact that PeaceHealth is not an in-network provider (as they were led

PAGE 8 – MOTION FOR TEMPORARY RESTRAINING ORDER

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00914770

to believe), and have to pay more than expected.  In either circumstance, the patient will be damaged, and left frustrated and angry at PeaceHealth.  Not only will PeaceHealth have to divert resources to explaining to these consumers that the information they had received from Health Net and Trillium was not true, PeaceHealth's reputation and goodwill will also be collaterally damaged.

Perhaps more significant than the harm to PeaceHealth caused by Defendants' actions is the harm that will befall consumers.  They will purchase Health Net and Trillium MA plans believing that PeaceHealth will be an in-network provider. These consumers will likely not learn PeaceHealth is not an in-network provider until they attempt to get care from PeaceHealth and are either turned away or receive a much larger bill.  At that point, open enrollment will be over and the consumers will not be able to purchase a different policy until open enrollment in October 2020.  An injunction is not only necessary to prevent irreparable harm to PeaceHealth, it is also necessary to prevent irreparable harm to the consumers who would otherwise purchase Health Net and Trillium policies in reliance on Defendants' misinformation.

With respect to the prospective damages to PeaceHealth, those damages are impossible to quantify and would not be remedied by a money judgment.  While damage has already been done by Defendants' misrepresentations, an injunction will prevent consumers from actually purchasing policies based on false information, which would dramatically increase the harm to PeaceHealth.  Because PeaceHealth will suffer irreparable harm if an injunction is not issued, this element is met.

### C.  The Balance of Equities Tips in Favor of PeaceHealth

The balance of equities tips in PeaceHealth's favor.  Under the alternate "serious questions" test, the hardship balance also "tips sharply toward" PeaceHealth.  As discussed above, PeaceHealth would be substantially harmed if an injunction is not issued and would be subjected to the hardship of having to deal with confused and frustrated patients, as well as

PAGE 9 – MOTION FOR TEMPORARY RESTRAINING ORDER

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00914770

having to attempt to repair the damage to its goodwill and reputation.  In contrast, the only hardship Defendants would experience if an injunction is issued is that it would need to stop making misrepresentations and would have to start telling brokers and consumers the truth.  This is not a hardship at all, but something Defendants should already be doing.  As a result, the balance of equities tips strongly in favor of PeaceHealth.

### D.  An Injunction Is in the Public Interest

An injunction is overwhelmingly in the public interest.  Defendants are currently misrepresenting to the public the benefits they will receive if they purchase Health Net and Trillium MA policies.  If Defendants are not enjoined, thousands of consumers are likely to purchase Health Net and Trillium MA policies under the false impression that PeaceHealth will be an in-network provider.  These consumers will not find out the truth until it is too late and they will need to either pay more to see an out-of-network provider at PeaceHealth or change providers entirely to someone who actually is in-network.  These consumers are entitled to accurate information when deciding on a policy.  It is difficult to imagine a situation in which an injunction would be more directly in the public interest than this one.  *Accord V.E.W., Ltd. v. Karla Hour Couture*, 1997 U.S. Dist. LEXIS 22742 (N.D. Ca. Dec. 16, 1997) (public interest militates strongly in favor of injunctive relief to prevent consumer deception regarding purported relationship between Defendants and Plaintiff); *Peter Brasseler Holdings, LP v. Gebr. Brasseler GmbH & Co. KG,* 516 F. Supp. 2d 1317, 1322 (Dist. GA 2007) (noting that TRO to prevent false advertising will benefit public interest); *Green Products Co. v. Independence Corn By-Products Co.*, 992 F. Supp. 1070, 1076-77 (8th Cir. 1997) (public interest weighs in favor of protecting intellectual property and protecting consumers from fraud in all forums including the Internet); *Northwest Airlines, Inc. v. Bauer*, 467 F. Supp. 2d 957, 964 (Dist. ND 2006) (public interest weighs in favor of the granting of an injunction that will ensure that the public is not deceived); *c.f.*, *Perfumania, Inc. v. Perfulandia, Inc.*, 279 F. Supp. 2d 86, 105 (D.P.R. 2003) ("'Customer

PAGE 10 – MOTION FOR TEMPORARY RESTRAINING ORDER

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00914770

confusion is by its very nature against the public interest.'") (quoting *Jordan K. Rand, Ltd. v. Lazoff Bros., Inc.*, 537 F. Supp. 587, 598 (D.P.R. 1982)).

## IV. CONCLUSION

The Court, for the reasons described above, should grant PeaceHealth's Motion, enter a temporary restraining order in the form of Exhibit A attached to this Motion, and order Defendants to Show Cause as to why the Court should not issue a preliminary injunction.

DATED this 14th day of October, 2019.

KELL, ALTERMAN & RUNSTEIN, L.L.P.

   s/ Thomas R. Rask, III
**Thomas R. Rask, III**, OSB No. 934031
trask@kelrun.com
**Susan T. Alterman**, OSB No. 870815
salterman@kelrun.com
**James D. O'Donnell**, OSB No. 171284
jodonnell@kelrun.com
520 SW Yamhill Street, Suite 600
Portland, OR 97204-1329
Telephone: (503) 222-3531
Facsimile: (503) 227-2980
Attorneys for Plaintiff PeaceHealth

PAGE 11 – MOTION FOR TEMPORARY RESTRAINING ORDER

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00914770